E-FILED
Tuesday, 16 June, 2026 03:47:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CASIMIR WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1346 |
| | ) | |
| MANDY NURSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is

now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint.

(Doc. 16). The motion is granted. Plaintiff's previous motions (Docs. 11, 12), seeking the same

relief, are denied as moot.

The Court must "screen" Plaintiff's amended complaint, and through such process to

identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. §

1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the

plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements

and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its

face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges another inmate in his gallery started a fire after Defendant Nurse and

other prison officials ignored the inmate's stated intention to do so. Plaintiff alleges that "[i]t is a

well known fact that every inmate who threat[ens] to set a fire has done so." (Doc. 16 at 4).

Plaintiff alleges that officials did not respond for ten minutes to his and other inmates' cries that there was a fire. Plaintiff alleges that he inhaled too much smoke, passed out, and hit his head on the wall in the 30 minutes it took officials to remove him from his cell. Plaintiff alleges that Defendant Alford instructed medical staff to place Plaintiff in the holding area without providing any breathing treatment. Plaintiff alleges Defendant Alford ignored his complaints of head and chest pain. Plaintiff alleges that the gallery did not have functional smoke detectors or a sprinkler system.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Alford, and an Eighth Amendment inhumane conditions-of-confinement claim against Defendants Nurse and Miller based on the alleged systemic fire safety failures. Each claim proceeds against the defendants in their individual capacities. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008).

Plaintiff does not state a state law claim for intentional infliction of emotional distress. No plausible inference arises that Defendants intentionally ignored fire prevention measures for purposes of causing Plaintiff emotional harm. *Duffy v. Orlan Brook Condo. Owners' Ass'n*, 981 N.E.2d 1069, 1079 (Ill. Ct. App. 2012).

**Plaintiff's Motion to Request Counsel (Doc. 14)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. The unsubstantiated statements from Plaintiff's jailhouse lawyer are not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.      Plaintiff's Motion for Leave to File Amended Complaint [16] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Alford, and an Eighth Amendment inhumane conditions-of-confinement claim against Defendants Nurse and Miller based on the alleged systemic fire safety failures. Each claim proceeds against the defendants in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

5.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12.     The clerk is directed to terminate Jhon Doe Doctor, Jhon Doe Major, Nikki Rambo, Jane Doe Nurse, Jane Doe C/O, Jhon Doe C/O as defendants.

**13.** **The clerk is directed to add Dr. Alford and Lt. Miller as defendants**

**14.** **The clerk is directed to attempt service on Mandy Nurse, Dr. Alford, and Lt. Miller pursuant to the standard procedures.**

**15.** **Plaintiff's Motion [14] is DENIED with leave to renew.**

**16.** **Plaintiff's Motions [11][12] are DENIED.**

Entered this 16th day of June, 2026.


_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE